**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NATHANIEL WRIGHT,**

      **Plaintiff,**

v.

**NH THORNTON PLACE, LLC,**

      **Defendant.**

Case No. 19-2063-DDC-GEB

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Holiday AL Management Sub LLC's[1] Application for Order Confirming Arbitration Award (Doc. 15). Plaintiff has not submitted a response, and the time to do so has expired. For reasons explained below, the court grants defendant's motion.

**I.    Factual and Procedural Background**

On February 5, 2019, plaintiff filed a Complaint against defendant asserting disability and race discrimination claims and retaliation claims based on his allegations that he complained about disability and race discrimination. Doc. 1. On April 1, 2019, the parties filed a Joint Stipulation to Stay Pending Arbitration, requesting the court stay the proceedings in this case until the parties completed arbitration. Doc. 6. They attached to the stipulation a Mutual Agreement to Arbitrate Employment-Related Disputes. It called for mandatory, binding

---

[1] Defendant's Application explains that the parties agreed to substitute Holiday AL Management Sub LLC as the proper defendant at the initial scheduling conference with the arbitrator. Doc. 15 at 1 n.1. And so, the court thus refers to Holiday AL Management Sub LLC as the defendant instead of the above captioned defendant, NH Thornton Place, LLC. *See also* Doc. 6-1 at 2 (Mutual Agreement to Arbitrate Employment-Related Disputes between plaintiff and "Holiday Retirement and its affiliated entities" attached to the parties' Joint Stipulation to Stay Pending Arbitration).

arbitration.  Doc. 6-1 at 2.  This agreement also explained "[j]udgment on the arbitrator's award may be entered in any court having jurisdiction."  *Id.* at 3.  The court granted the sipulated request to stay the case.  Doc. 7.

The parties selected an arbitrator, who issued a scheduling order setting discovery and dispositive motion deadlines.  Docs. 8, 10.  They initiated arbitration proceedings and began conducting written discovery.  Doc. 12.  The arbitration hearing was set for May 21-22, 2020.  Doc. 12.  On March 3, 2020, the arbitrator issued an order requiring plaintiff to appear for his scheduled deposition on March 12, 2020.  Doc. 15-1 at 2.  The order explained that should plaintiff fail to appear for his deposition, the arbitrator would strike the pleadings and dismiss the matter with prejudice.  *Id.*  And that is precisely what happened.  Plaintiff did not appear for his deposition.  Doc. 15-2 at 3.  And on March 19, 2020, the arbitrator entered an order striking his pleadings and dismissing plaintiff's claims with prejudice.  Doc. 15-3 at 2.  Also, the arbitrator directed the parties to cooperate in filing with the court an application to confirm the arbitration order and enter judgment "in favor of the defendant, each party paying its own costs and fees."  *Id.*  Defendant now has filed its application for confirmation of the arbitration award (Doc. 15).

**II.     Legal Standard**

Defendant moves the court to confirm the arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, specifically 9 U.S.C. § 9.  Section 9 of the FAA provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added).

2

The Tenth Circuit has instructed that "'judicial review of an arbitration award is very narrowly limited.'" *ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995) (quoting *Foster v. Turley*, 808 F.2d 38, 42 (10th Cir. 1986)). In fact, the standard of review for arbitration awards "is 'among the narrowest known to the law.'" *Air Methods Corp. v. OPEIU*, 737 F.3d 660, 665 (10th Cir. 2013) (quoting *LB & B Assocs., Inc. v. Int'l Bhd. of Elec. Workers, Local No. 113*, 461 F.3d 1195, 1197 (10th Cir. 2006)). This standard of review comports with the "'primary purpose behind arbitration agreements'"—avoiding "'the expense and delay of court proceedings.'" *ARW Expl. Corp.*, 45 F.3d at 1463 (quoting *Foster*, 808 F.2d at 42); *see also Air Methods Corp.*, 737 F.3d at 665 (explaining that courts should apply a deferential standard to an arbitrator's award "since the parties have contracted for an arbitrator to resolve their disputes, not a court." (citation and internal quotation marks omitted)).

A court only may vacate an arbitration award under "limited circumstances." *Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997). They include (1) the reasons stated in the FAA, 9 U.S.C. § 10, or (2) "a handful of judicially created reasons." *Id.* (citations omitted). "Outside of these limited circumstances, an arbitration award must be confirmed." *Id.* (citing 9 U.S.C. § 9).

**III. Analysis**

Defendant asks the court for an order (1) "confirming the Arbitrator's Order striking the pleadings and dismissing the matter with prejudice" and (2) "dismissing this action with prejudice, each party to bear its own costs and fees." Doc. 15 at 2. Plaintiff has not responded to the requests.

The FAA requires that a federal district court with jurisdiction "must grant" a motion to confirm an arbitration award, "unless the award is vacated, modified, or corrected as prescribed

3

in sections 10 and 11 of this title." 9 U.S.C. § 9.  Plaintiff has not argued that the court should vacate, modify, or correct the arbitration award and he has not expressed any intention to do so. The court thus concludes it must confirm the arbitration award.  *See, e.g.*, *Loda Okla, LLC v. Overall*, No. 13-CV-191-GKF-FHM, 2014 WL 12704716, at *2–3 (N.D. Okla. Oct. 9, 2014) (explaining district courts have jurisdiction to confirm arbitration awards "at any time" after receiving a timely application to confirm—even where the three-month period within which a party may file a motion to vacate under 9 U.S.C. § 12 has not yet expired—but should wait to do so if the court has received notice that a party timely intends to move to vacate).[2]

The court thus grants defendant's Application for Order Confirming Arbitration Award. The court confirms the arbitrator's order in favor of defendant and against plaintiff, striking the pleadings and dismissing the matter with prejudice, as described in the arbitration order, Doc. 15-3 at 2.  The court directs the Clerk of our Court to enter a judgment consistent with this ruling, and it should order each party to pay its own costs and fees.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Application for Order Confirming Arbitration Award (Doc. 15) is granted.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court will enter a judgment consistent with this Order.

---

[2] Section 12 of the FAA provides "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." Three months have not yet passed here.  But, under D. Kan. Rule 7.4(b), where a party fails to file a responsive brief or memorandum "within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion."  Rule 7.4(b) provides "[o]rdinarily, the court will grant the motion without further notice.  Also, on May 19, 2020, plaintiff's counsel informed the court via email that plaintiff has no reason to oppose defendant's motion.  The court notes this informal communication from plaintiff's counsel, which copied defendant's counsel, though not part of the record, disclaims any intention to file any motion to vacate within the three months permitted by the FAA.

**IT IS SO ORDERED.**

**Dated this 1st day of June, 2020, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**